UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KERRY KOTLER,

                            **Plaintiff,**

   v.                                                            No. 10-CV-136 (TJM/DRH)

**WENDY DABY**, Correction Officer, Adirondack Correctional Facility; **PAUL WOODRUFF**, Captain, Adirondack Correctional Facility; **ARTHUR ROCQUE**, Lieutenant, Adirondack Correctional Facility; **BRIAN FISCHER**, Commissioner, NYS DOCS; **D. VENETTOZZI**, Acting Director of Special Housing/Inmate Disciplinary Program for DOCS; and **NORM BEZIO**, Director of Special Housing/Inmate Disciplinary Programs for DOCS,

                            **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

### I. INTRODUCTION

      This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. David R. Homer, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c). In his February 10, 2011 Report-Recommendation and Order, Magistrate Judge Homer recommended that Defendants' motion to dismiss (Dkt. No. 5) be GRANTED as to all

1

claims against defendant Fischer and DENIED in all other respects. See Rep.-Rec. & Order [dkt. # 15] p. 16.  Defendants have has filed objections to these recommendations. Dkt. # 17.

## II.     STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C).   After reviewing the Report-Recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

With this standard in mind, the Court conducts a *de novo* review of those portions of the record to which objections are lodged and determines as follows as to Defendants' objections.

## III.    DISCUSSION

Defendants object to Magistrate Judge Homer's consideration of documents outside the Complaint. See Rep.-Rec. & Order p. 8, n. 3 ("given the special solicitude afforded *pro se* complaints, the documents were considered here to ensure a full consideration of Kotler's allegations.").  The Court finds no error with the consideration of these documents and the objection is overruled.  See Hughes v. Rowe, 449 U.S. 5, 9

(1980) (*per curium*)(*pro se* pleadings are held "'to less stringent standards than formal pleadings drafted by lawyers.'" )(quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006)(when a party seeks dismissal against a *pro se* litigant, a court must afford the non-movant special solicitude); Weinstein v. Albright, 2000 WL 1154310, at *2 (S.D.N.Y. Aug. 14, 2000)("Where a *pro se* litigant is involved, the same standards for dismissal apply. However, when deciding a motion to dismiss, the Court may consider allegations that are contained in a *pro se* plaintiff's opposition papers.")(citing Burgess v. Goord, 1999 WL 33458, at *1 n. 1 (S.D.N.Y. Jan. 26, 1999)).

  Defendants object to Magistrate Judge Homer's conclusion that Defendants Bezio and Venettozzi may have been personally involvement in Plaintiff's alleged constitutional deprivation related to his disciplinary hearing.  The objection is overruled.  As Magistrate Judge Homer correctly determined, there are plausible demonstrations of personal involvement by both Bezio and Venettozzi, see Rep.-Rec. & Ord., pp 7-8, which, at this stage of the proceedings, are sufficient.  Defendants may challenge the demonstration of personal involvement either on summary judgment or at trial.

  Defendants object to Magistrate Judge Homer's conclusion that there exists a causal connection between Defendant Daby's statements to Plaintiff and the false misbehavior report such to make out a First Amendment retaliation claim.  In ruling on this objection, the Court adopts Magistrate Judge Homer's reasoning set forth at pages 9-11 of the Report-Recommendation and Order.  Accordingly, this objection is overruled.

  Defendants object to Magistrate Judge Homer's conclusion that Plaintiff's four-

month incarceration in the Special Housing Unit ("SHU") may be a sufficient liberty deprivation upon which to base a Fourteenth Amendment due process claim. The objection is overruled.  Magistrate Judge Homer correctly analyzed the law in reference to whether an inmate possesses a protected liberty interest under the standard set forth in Sandin v. Conner, 515 U.S. 472, 483-84 (1995), writing:

> This standard requires a prisoner to establish that the deprivation was atypical and significant in relation to ordinary prison life. Id. at 484; Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999); Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir.1996). The fact that an inmate has been disciplined with a segregated confinement alone is insufficient to establish an atypical and significant deprivation. The Second Circuit has articulated a two-part test whereby the length of time a prisoner was placed in segregation as well as "the conditions of the prisoner's segregated confinement relative to the conditions of the general prison population" are to be considered. Vasquez v. Coughlin, 2 F. Supp. 2d 255, 259 (N.D.N.Y.1998). The Second Circuit has noted that where the period of segregated confinement exceeds thirty days, "refined fact-finding" is required to resolve defendants' claims under Sandin. Colon v. Howard, 215 F.3d 227, 230 (2d Cir. 2000).

Rep.-Rec. & Ord., p. 12.

Inasmuch as it is plausible that Plaintiff could demonstrate a deprivation that was atypical and significant in relation to ordinary prison life by his four-month term in SHU, Magistrate Judge Homer properly recommended that the motion to dismiss this claim be denied.

**IV.   CONCLUSION**

For the reasons stated above, the Court overrules Defendants' objections to Magistrate Judge Homer's February 10, 2011 Report-Recommendation and Order. Moreover, the Court **ADOPTS** the findings and recommendations in their entirety for the

4

reasons therein. Accordingly, it is hereby

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 5) is **GRANTED** as to all claims against Defendant Fischer and **DENIED** in all other respects.  All claims against Defendant Fischer are **DISMISSED**.

**IT IS SO ORDERED**

Dated: March 15, 2011

Thomas J. McAvoy
Senior, U.S. District Judge